JOSEPH DELUCA
1120 N Delmar
Mesa, Arizona 85203
480-246-9998

Plaintiff Pro Se

MICHAEL K. JEANES
Clerk of the Superior Court
By kim whitson, Deputy
Date 04/04/2014 Time 08:05:29
Description                    Amount
--------- CASE# CV2014-092380 ---------
CIVIL NEW COMPLAINT            304.00

TOTAL AMOUNT                   304.00
                        Receipt# 23465952

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| JOSEPH DELUCA, assignee of Ultimate Web Services, LLC, an Arizona limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> MERRICK BANK CORP, a corporation <br><br> Defendant. | No. CV  CV2014 092380 <br><br> COMPLAINT <br> (Breach of Contract; Unjust Enrichment; Conversion; Fraud) |

COMES NOW plaintiff, Joseph Deluca, and for his complaint against defendant and alleges as follows.

## COMMON ALLEGATIONS

1. Plaintiff's assignor, Ultimate Web Services, LLC ("Ultimate') at all times was a resident of this county and state and is the assignee of the contract and receivable which constitutes the gravamen of this complaint as against defendant; plaintiff was and is a resident of this county and state.

2. Defendant is a bank doing business in this county and state and otherwise committing acts giving rise to plaintiff Ultimate Web Services, LLC's complaint in this county and state.

3. In the year 2012, plaintiff/assignee Ultimate Web Services, LLC, had a merchant's account with defendant bank wherein Ultimate's customers could use charge cards issued by third party banks to pay Ultimate Web Services, LLC, for its goods and services as rendered to those persons as its customers.

4. This merchant account held by Ultimate was with defendant bank, and was used to collect charges from the customers' charge account card companies and to deposit those charged monies into the account of Ultimate; however, the merchant account contract between defendant and Ultimate

1

allowed defendant bank to withhold depositing into Ultimate's account monies paid to it by Ultimate's customers if defendant bank determined in good faith and upon reasonable commercial standards that those customer charges were unauthorized, fraudulent or that otherwise Ultimate was not entitled to those monies.

5. The merchant contract between Ultimate and the bank further provides that following a reasonable investigation of charged monies withheld from Ultimate by defendant for the reasons in para. 4 above, if those monies are determined not to be fraudulent or otherwise unauthorized, those monies will be paid to Ultimate.

6. It developed that in the next year 2012, defendant did withhold $47,970.39 from the customer charges which would have otherwise been deposited into the account of Ultimate, those monies being withheld by defendant pursuant to suspicion that they were unauthorized or otherwise fraudulent in some way.

7. In fact, none of the said $47,970.39 was found by defendant bank to be fraudulent, or otherwise improper, and those monies were not charges that were refused or disputed by the customers, but were monies that defendant bank, as monies received by plaintiff Ultimate through its merchant account maintained by defendant, should have been paid to Ultimate Web Services, LLC.

8. In fact those monies were held upon the pretense that they were improper charges, but which monies were proper charges which, under the merchant agreement between the parties, were owed by the bank to plaintiff as the assignee of Ultimate.

9. Attached as Exhibit A is a 1099K for the tax year 2012, received by plaintiff Ultimate in 2013, indicating that there was a gross amount of monies received by plaintiff Ultimate, through the merchant account maintained for Ultimate by defendant in the sum of $47,970.30, but which sum was never remitted or paid by defendant bank to Ultimate Web Services, LLC (save and except for the sum of approximately $4,000 in that figure which was received by Ultimate).

10. The difference between $47,970.30 and $4,000 (the amount paid) is money that has been improperly held by defendant from Ultimate's merchant account, credits and income, unreasonably and without due cause

11. This matter arises in contract and at such time as plaintiff prevails he will be due his attorney's fees as and when incurred.

12. All of the foregoing allegations are incorporated into each of the following claims for relief.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

13. In failing to remit the monies due to Ultimate, i.e., monies unreasonably withheld by defendant or held without due cause by defendant, defendant has breached the merchant account contract with Ultimate, and has damaged plaintiff.

WHEREFORE, plaintiff, as assignee of Ultimate Web Services, LLC, prays the judgments and orders of this court as follows:

a. In such amount as may be proven to be the monies wrongly not remitted by defendant to plaintiff Ultimate Web Services, LLC, in accordance with the merchant contract;

b. For his attorneys fees incurred herein;

c. For his costs incurred herein; and,

d. For such other and further relief as may be just and proper in the premises.

## SECOND CLAIM FOR RELIEF

### (Unjust Enrichment)

14. Failing to remit the monies due to Ultimate, monies unreasonably withheld by defendant or held without due cause, constitute not only a breach of contract by defendant, but also unjustly enrich defendant bank at the expense of, and to the injury and damage to, plaintiff as assignee of Ultimate.

WHEREFORE, plaintiff Ultimate Web Services, LLC, prays the judgments and orders of this court as follows:

a. In such amount as may be proven to be the monies wrongly not remitted by defendant to plaintiff Ultimate Web Services, LLC, in accordance with the merchant contract;

b. For his attorneys fees incurred herein;

c. For his costs incurred herein; and,

d.  For such other and further relief as may be just and proper in the premises.

### THIRD CLAIM FOR RELIEF

(Conversion)

15. By reason of the foregoing, defendant has wrongfully withheld possession from plaintiff as assignee of Ultimate, the monies due it under the merchant account contract between the parties.

16. The acts of defendant were willful, wanton and done with an evil mind and hand so as to be deserving of the assessment of exemplary and punitive damages and for the reasonable sum of punitive damages in the amount of $100,000.

WHEREFORE, plaintiff Ultimate Web Services, LLC, prays the judgments and orders of this court as follows:

a.  In such amount as may be proven to be the monies wrongly not remitted by defendant to plaintiff Ultimate Web Services, LLC, in accordance with the merchant contract;

b.  In the amount of $100,000 as and for punitive damages;

c.  For his attorneys fees incurred herein;

d.  For his costs incurred herein; and,

e.  For such other and further relief as may be just and proper in the premises.

### FOURTH CLAIM FOR RELIEF

(Violation of the Covenant of Good Faith and Fair Dealing)

17. The merchant contract between the parties contains the Covenant of Good Faith and Fair Dealing.

18. In failing to remit the monies due to Ultimate, and in unreasonably withholding monies or in withholding monies without due cause, and upon information and belief, defendant did so for undisclosed policies and reasons of underwriting or otherwise, defendant has breached the merchant covenant of good faith and fair dealing in the contract between the parties.

19. Defendant, upon information and belief, invoked those otherwise undisclosed underwriting and other rules and procedures to withhold monies from plaintiff Ultimate Web Services, LLC, that were not set forth in the merchant account contract entered into by the parties which are

4

unreasonable and which were not part of the "dickered deal" between the parties.

20. The acts of defendant were willful, wanton and done with an evil mind and hand so as to be deserving of the assessment of exemplary and punitive damages and for the reasonable sum of punitive damages in the amount of $100,000.

WHEREFORE, plaintiff Ultimate Web Services, LLC, prays the judgments and orders of this court as follows:

a. In such amount as may be proven to be the monies wrongly not remitted by defendant to plaintiff Ultimate Web Services, LLC, in accordance with the merchant contract;

b. In the amount of $100,000 as and for punitive damages;

c. For his attorneys fees incurred herein;

d. For his costs incurred herein; and,

e. For such other and further relief as may be just and proper in the premises.

Dated this 3 day of April, 2014.

_____
JOSEPH DELUCA

VERIFICATION

STATE OF ARIZONA  )
                 ) ss.
County of Maricopa )

JOSEPH Deluca, being first duly sworn, upon his oath, deposes and states:

That he is the plaintiff/assignee of Ultimate Web Services, LLC, in the foregoing entitled and numbered cause; that he has read the foregoing complaint, and knows the contents thereof and the matters and things stated therein are true to his own knowledge, except as to those matters stated therein upon information and belief, and as to those matters he believes them to be true.

_____
JOSEPH DELUCA

SUBSCRIBED AND SWORN to before me this 3 day of April, 2014.

_____
Notary Public

MY COMMISSION EXPIRES:

10-9-2014

OFFICIAL SEAL
ELIZABETH REYES
Notary Public - Arizona
MARICOPA COUNTY
My Commission Expires
JUNE 9, 2014

5

MERRICK BANK CORP
PO BOX 1552
DRAPER, UT 84020-1552

If you have questions contact:

Phone:    1-800-863-5995

ULTIMATE WEB SERVICES LLC
2563 N DORAL CIRCLE
MESA, AZ 85215

### Instructions for Payee

You have received this form because you have either: (a) accepted payment cards for payments, or (b) received payments through a third party network that exceeded $20,000 in gross total reportable transactions and the aggregate number of those transactions exceeded 200 for the calendar year. Merchant acquirers and third party settlement organizations, as payment settlement entities (PSE), must report the proceeds of payment card and third party network transactions made to you on Form 1099-K under Internal Revenue Code section 6050W. The PSE may have contracted with an electronic payment facilitator (EPF) or other third party payer to make payments to you.

If you have questions about the amounts reported on this form, contact the FILER whose information is shown in the upper left corner on the front of this form. If you do not recognize the FILER shown in the upper left corner of the form, contact the PSE whose name and phone number are shown in the lower left corner of the form above your account number.

See the separate instructions for your income tax return for using the information reported on this form.

**Payee's taxpayer identification number.** For your protection, this form may show only the last four digits of your social security number (SSN), individual taxpayer identification number (ITIN), or adoption taxpayer identification number (ATIN). However, the issuer has reported your complete identification number to the IRS, and, where applicable, to state and/or local governments.
**Note.** If your EIN is reported in this box, you should see the complete number in this format (XX-XXXXXXX).

**Account number.** May show an account or other unique number the PSE assigned to distinguish your account.

**Box 1.** Shows the aggregate gross amount of payment card/third party network transactions made to you through the PSE during the calendar year.

**Box 2.** Shows the merchant category code used for payment card/third party network transactions (if available) reported on this form.

**Box 3.** May show the number of purchase transactions (not including refund transactions) processed through the payment card/third party network. (Optional - The PSE is not required to complete this box for 2012.)

**Boxes 5a-5l.** Shows the gross amount of payment card/third party network transactions made to you for each month of the calendar year.

For the latest developments regarding Form 1099-K that may occur after this form is printed, visit www.irs.gov/form1099k.

| Taxable State: AZ | | CORRECTED | | |
|---|---|---|---|---|
| FILER'S name, street address, city, state, ZIP code, and telephone no.<br>MERRICK BANK CORP<br>PO BOX 1552<br>DRAPER, UT 84020-1552 | FILER'S federal identification no.<br>91-1756404<br>PAYEE'S taxpayer Identification no.<br>275303232 | OMB No. 1545-2205<br>2012<br>Form 1099-K | | **Payment Card and Third Party Network Transactions** |
| | 1 Gross amount of payment card/third party network transactions<br>$ 47,970.30 | 2 Merchant category code<br>8999 | | Copy B<br>For Payee |
| Check to indicate if FILER is a (an):<br>Payment settlement entity (PSE) [X]<br>Electronic Payment Facilitator (EPF)/Other third party [ ] | Check to indicate transactions reported are:<br>Payment card [X]<br>Third party network [ ] | 3 Number of purchase transactions (optional) | 4 | This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if taxable income results from this transaction and the IRS determines that it has not been reported. |
| PAYEE'S name, street address (including apt. no.), city, state, and ZIP code<br>ULTIMATE WEB SERVICES LLC<br>2563 N DORAL CIRCLE<br>MESA, AZ 85215 | 5a January<br>$ | 5b February<br>$ | | |
| | 5c March<br>$ | 5d April<br>$ | | |
| | 5e May<br>$ | 5f June<br>$ | | |
| | 5g July<br>$ | 5h August<br>$ | | |
| | 5i September<br>$ | 5j October<br>$ .30 | | |
| PSE'S name and telephone number<br>MERRICK BANK FOR ELECTRONIC PAYMENT SYST<br>1-800-863-5995 | 5k November<br>$ 47,970.00 | 5l December<br>$ | | |
| Account number (see instructions) 180003012557<br>    Tracking #:   55016T1 | 6 | 7 | | 8 |

Form 1099-K         (keep for your records)         IRS.gov/form1099k         Department of the Treasury - Internal Revenue Service


EXHIBIT A

2H8701 7.000